IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BAUTISTA CAYMAN ASSET COMPANY<br><br>Plaintiff,<br><br>v.<br><br>REGENCY DEVELOPMENT OF YABUCOA, INC. ET AL.,<br><br>Defendants. | CIV. NO.: 19-1687 (SCC) |

**OPINION AND ORDER**

This matter stems from a state court action against Regency Development of Yabucoa, Inc. ("Regency"), Osvaldo Domenech Rivera, Ivonne Sosa Mussenden[1], and Enrique Rodriguez (collectively, the "Regency Defendants") for a defaulted construction loan. *See* Docket Nos. 1 and 12, Ex. 2. Pending before the Court are Third-Party Defendant Federal Deposit Insurance Corporation's ("FDIC" or "FDIC-R") Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion to Dismiss as a Matter of Law, *see* Docket Numbers 22 and 23, as well as Plaintiff Bautista Cayman Asset Company's ("Bautista") Motion to Remand, *see* Docket Number 24. For

---

[1] The Complaint also names the conjugal partnership between Mr. Domenech and Ms. Sosa as a Defendant.

the reasons stated herein, all three pending Motions are granted.

## I.     Factual and Procedural Background

This action began when Doral Bank filed a Complaint in Puerto Rico state court for default on a construction loan (the "Loan") against the Regency Defendants. *See* Docket No. 12, Ex. 2. Doral Bank sought the collection of money and foreclosure on a real property mortgage that secured the Loan. The Regency Defendants filed an Answer to the Complaint as well as a Counterclaim against Doral Bank, alleging that Doral Bank failed to fully fund the Loan, which interfered with the Regency Defendants' ability to complete the construction project and thus seeks the complete funding of the loan and other damages. *See* Docket No. 12, Ex. 3.

Doral Bank later transferred the Loan to DFI Investments, LLC ("DFI"), who then substituted Doral Bank as plaintiff in the state court action. *See* Docket No. 12, Ex. 4. However, the state court kept Doral Bank in the case as a third-party defendant for the purpose of defending the Counterclaim. *See* Docket No. 22, ¶ 3. A few years later, Doral Bank was closed by the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico and the FDIC-R was appointed receiver of Doral Bank, succeeding as Doral Bank's party of interest in this action. *See id.* at ¶ 4.

DFI later filed for voluntary bankruptcy and sold the Loan to Bautista, who substituted DFI as plaintiff in the state court

action. *See id.* at ¶ 6. Doral Bank remained a third-party defendant for purposes of defending the Counterclaim. *See id.* Bautista notified the FDIC-R of the status of this action in state court, upon which time the FDIC-R was substituted into the place of Doral Bank as third-party Defendant to the Counterclaim. *See* Docket No. 12, Ex. 10. The FDIC-R then removed the case to this Court pursuant to 12 U.S.C. § 1819(b)(2)(B), which allows the FDIC to remove a state court case within ninety days of being substituted as a party in that matter. *See* Docket No. 1.

The FDIC-R then filed a Motion to Dismiss for Lack of Jurisdiction of the Third-Party Complaint (the Counterclaim) pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Docket No. 22. The FDIC-R argues that the Regency Defendants failed to exhaust their administrative remedies as required under Title 12 of the U.S. Code. *See id.* The Regency Defendants did not oppose the Motion to Dismiss, and the FDIC-R then filed another Motion to Dismiss as a Matter of Law of the Third-Party Complaint (the Counterclaim). *See* Docket No. 23. Bautista then filed a Motion to Remand pursuant 28 U.S.C. § 1452(b), arguing that the FDIC-R's Motions to Dismiss should be granted, which would leave this Court without subject matter jurisdiction over the remaining foreclosure action and making state court the only appropriate forum to hear that matter. *See* Docket No. 24.

## II.     Legal Standard

A party may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." *P.R. Tel. Co. v. Telecomm's Reg. Bd. of P.R.*, 189 F.3d 1, 7 (1st Cir. 1999). Rule 12(b)(1) motions are judged according to the same standard of review as a Rule 12(b)(6) motion, so a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007).

## III.     Analysis

As part of the comprehensive statutory scheme regulating the FDIC's authority as receiver for failed financial institutions under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), Congress created a detailed procedural process for the processing of claims under that statute in order for the FDIC to handle failed depository institutions in an expeditious manner. *See Acosta-Ramírez v. Banco Popular de Puerto Rico*, 712 F.3d 14, 19 (1st Cir. 2013). 12 U.S.C. § 1821(d)(3)-(13). Under that process, the FDIC, as receiver, is required to publish notice that the failed institution's creditors must file claims with the FDIC by a specified date, after which, if a claim is filed, the FDIC has 180 days to determine whether to approve or disallow the claim. 12 U.S.C. §§ 1821(d)(3)(B)(i), 1821(d)(5)(A)(i). Claimants then have sixty days from the date of disallowance or from the

expiration of the 180-day administrative decision deadline to seek judicial review in an appropriate federal district court. *Id*. § 1821(d)(6)(A).

FIRREA restricts "the jurisdiction of courts [from] hear[ing] certain claims where the plaintiff has not complied with the statutory claims process" set out in § 1831. *Acosta-Ramírez*, 712 F.3d at 19. That section provides that no court shall have jurisdiction over "any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver." 12 U.S.C. § 1821(d)(13)(D). In sum, if a claimant fails to comply with the statutory review process, no court has subject-matter jurisdiction to hear the case, and the case should be dismissed with prejudice. *See Marquis v. FDIC*, 965 F.2d 1148, 1151 (1st Cir. 1992); *FDIC v. Estrada-Colón*, 848 F. Supp. 2d 206, 212-13 (D.P.R. 2012); *FDIC v. Estrada-Rivera*, 813 F. Supp. 2d 265, 269-79 (D.P.R. 2011).

The Regency Defendants' Counterclaim (also referred to as the "Third Party Complaint") is based on actions taken by Doral Bank, a failed bank for which the FDIC was named as receiver under 12 U.S.C. § 1821(d)(13)(D). In their Motions to Dismiss, the FDIC-R avers that the Regency Defendants did not submit a proof of claim to the FDIC-R as statutorily required, and the Regency Defendants have provided no opposition to those Motions. Moreover, this Court has held, in accordance with Local Rule 7(b), "failure to oppose a

motion in the District of Puerto Rico authorizes the presiding district judge to summarily grant the unopposed motion, 'at least when the result does not clearly offend equity.'" *Rodriguez-Salado v. Somoza-Colombani*, 937 F. Supp. 2d 206, 210-11 (D.P.R. 2013) (quoting *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7 (1st Cir. 2002)). Therefore, the Counterclaim is dismissed with prejudice for lack of subject matter jurisdiction.

## IV.  Conclusion

For the reasons set forth above, the FDIC-R's Motions to Dismiss at Docket Numbers 22 and 23 are GRANTED and the Regency Defendants' Counterclaim against the FDIC-R is dismissed with prejudice. Because the Court no longer has subject matter jurisdiction over this case, Bautista's Motion to Remand at Docket Number 24 is GRANTED and this case is remanded to Puerto Rico Court of First Instance, Humacao Division, case number HSCI2009-00565(207), to continue the foreclosure action against the Regency Defendants.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of March 2021.

      S/ SILVIA CARREÑO-COLL
      UNITED STATES DISTRICT COURT JUDGE